IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

FILED
JAN 12 2010
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

DAVID GREGOR, )
)
    Petitioner, )
)
vs. ) No. CIV-09-464-W
)
ERIC FRANKLIN, Warden, )
)
    Respondent, )

## ORDER

On November 30, 2009, United States Magistrate Judge Valerie K. Couch issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner David Gregor be dismissed without prejudice unless within a designated period of time, Gregor sought to amend his Petition and omit his unexhausted claim for relief or request that the Court stay the matter until such time as he had exhausted his state court remedies as to that claim. Although advised of his right to object, Gregor has not objected to the Report and Recommendation, but rather he has filed a Motion for Stay and Abeyance of Habeas Proceedings. Accordingly, the matter of Gregor's entitlement to a stay and abeyance of the instant proceedings is now before the Court, and upon de novo review of the record, including the response filed in opposition by respondent Eric Franklin, Warden, the Court makes its determination.

On March 29, 2007, Gregor together with two of his four co-defendants was found guilty of Attempted Grand Larceny in violation of 21 O.S. § 1705 by a jury in the District Court of Custer County, Oklahoma. State v. Gregor, No. CF-2006-175. In accordance

with the jury's recommendation, Gregor, who had two or more former convictions, was sentenced to a term of incarceration of forty (40) years.

Gregor appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), and raised among other claims, the following:

> The admission of statements by non-testifying codefendants violated . . . Gregor's rights under the Sixth Amendment.

Doc. 7-2 at 17. This proposition was grounded on "[a] defendant's right of confrontation . . . not to have the incriminating hearsay statement of a non-testifying codefendant admitted in evidence against him," id., as recognized by the United States Supreme Court in Bruton v. United States, 391 U.S. 12 (1968)(sixth amendment's confrontation clause forbids admission of non-testifying co-defendant's confession in joint trial). The OCCA affirmed Gregor's conviction on April 29, 2008. Gregor v. State, No. F-2007-469 (Okla. Crim. April 29, 2008)(citing Bruton among other cases, court held that trial court's admission of Gregor's non-testifying co-defendants did not violate confrontation clause because statements did not expressly implicate Gregor).

In the instant Petition, Gregor has sought relief based upon five claims, one of which reads:

> The admission of statements by non-testifying co-defendants violated petitioner's rights under the Sixth [A]mendment.

Petition at 6 (Ground One). In clarifying and explaining this claim for relief, Gregor has stated that his

> claim is that the Oklahoma Court of Criminal Appeals has failed to identify the correct standard of review, and relied on Bruton . . . , while the correct standard, as pointed out by petitioner in his brief in support of habeas corpus, is Crawford v. Washington, 541 U.S. 36 . . . (2004).

2

Doc. 10 at 1; see also Doc. 1-3, at 5-7.

In his first ground for relief, as indicated, Gregor has raised a confrontation clause claim grounded on Crawford that was not raised on direct appeal to the OCCA, and it is well-established "that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971)(citations omitted).

Since Gregor's Petition contains exhausted claims as well as the one unexhausted claim, it is deemed a "'mixed' habeas corpus petition." Pliler v. Ford, 542 U.S. 225, 227 (2004)(quotation omitted). When confronted with a mixed petition, this Court "may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition the merits." Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002)(footnote omitted). The Court may also either grant the petitioner the opportunity to amend his petition to omit the unexhausted claim and proceed only on the exhausted claims, or in "limited circumstances," Rhines v. Weber, 544 U.S. 269, 277 (2005), grant the petitioner the opportunity to request that the habeas proceedings be stayed and held in abeyance until such time as the unexhausted claim is exhausted. E.g., id. at 277-78.

To be entitled to a stay of the habeas proceedings pending exhaustion, a petitioner must demonstrate (1) that "good cause" exists for his failure to exhaust his claim first in state court, (2) that his unexhausted claim is "potentially meritorious" and (3) that he has not deliberately engaged in "dilatory litigation tactics." E.g., id. at 277-78.

3

Franklin has urged the Court to deny Gregor's Motion for Stay and Abeyance of Habeas Proceedings because Gregor has failed to demonstrate "good cause"[1] as required by Rhines. Gregor has advanced the following arguments for his failure to exhaust: he "is a pro se litigant untrained in the field of law and mechanics thereof," he "mistakenly deemed his first ground for relief to be exhausted, since his appellate counsel failed to identify the correct standard of review which is Crawford rather than Bruton," and the respondent "made the same mistake and erroneously concluded that [he] . . . ha[d] exhausted his state remedies to all of the grounds . . . ."[2]

Gregor's pro se status coupled with his ignorance of the law alone does not entitle him to relief. However, because the "good cause" requirement "is not intended to impose the sort of strict and inflexible requirement that would '"trap the unwary pro se prisoner,"'" Rhines, 544 U.S. at 278 (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)(other citation omitted))(Stevens, J., concurring); e.g., Fairchild v. Workman, 579 F.3d 1134, 1154 (10th Cir. 2009), the Court finds in its discretion and under the unique circumstances of this case that the stay and abeyance procedure should be employed.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 11] issued on November 30, 2009;

---

[1]Magistrate Judge Couch found Gregor's Crawford claim to be "potentially meritorious," see Report and Recommendation at 4, and Franklin has not disputed this finding or argued that Gregor has engaged in intentionally dilatory litigation tactics.

[2]As Magistrate Judge Couch noted, "[r]espondent erroneously stated in his Response that '[t]he petitioner has exhausted his state court remedies to all of the grounds raised in his habeas petition.' . . . In his Response to the habeas petition, Respondent simply ignored Petition's Crawford claim and did not address its merits, instead focusing entirely on Respondent's contention that there was 'no Bruton error.'" Report and Recommendation at 4 n.3 (citations omitted).

4

(2) GRANTS Gregor's Motion for Stay and Abeyance of Habeas Proceedings [Doc. 12] file-stamped December 9, 2009;

(3) STAYS this matter and holds in abeyance Gregor's Petition until such time as Gregor has exhausted his state court remedies with regard to his Crawford claim;

(4) ADMONISHES Gregor to diligently pursue his state court remedies;

(5) DIRECTS Gregor to advise this Court in writing within fourteen (14) days of any final action by the state courts regarding his Crawford claim; and

(6) DIRECTS the Clerk of the Court to administratively terminate this matter in his records until further order.

ENTERED this 12th day of January, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE