

FILED
SEP 0 8 2011
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

DAVID GREGOR, )
)
    Petitioner, )
)
vs. ) No. CIV-09-464-W
)
ERIC FRANKLIN, Warden, )
)
    Respondent. )

## ORDER

On March 29, 2007, petitioner David Gregor together with two of his four co-defendants was found guilty of Attempted Grand Larceny in violation of 21 O.S. § 1705 by a jury in the District Court of Custer County, Oklahoma. State v. Gregor, No. CF-2006-175. In accordance with the jury's recommendation, Gregor, who had two or more former convictions, was sentenced to a term of incarceration of forty (40) years.

Gregor appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), and his appellate counsel raised among other claims, the following claim:

> The admission of statements by non-testifying codefendants violated . . . Gregor's rights under the Sixth Amendment.

Doc. 7-1 at 17. This proposition was grounded on "[a] defendant's right of confrontation . . . not to have the incriminating hearsay statement of a non-testifying codefendant admitted in evidence against him," id., as recognized by the United States Supreme Court in Bruton v. United States, 391 U.S. 123 (1968)(sixth amendment's confrontation clause forbids admission of non-testifying co-defendant's facially incriminating confession in joint trial).

In a Summary Opinion, the OCCA affirmed Gregor's conviction, Gregor v. State, No. F-2007-469 (Okla. Crim. April 29, 2008), and citing Bruton among other cases, found that the trial court's "admission of Gregor's non-testifying co-defendants did not violate Gregor's right to confrontation because the statements did not expressly implicate Gregor in the crime." Summary Opinion at 2 (footnote omitted).

In a Petition for Writ of Habeas Corpus ("Petition") [Doc. 1] file-stamped April 30, 2009, Gregor commenced the instant action seeking relief under title 28, section 2254 of the United States Code. In his Petition, Gregor asserted five claims for relief, one of which read:

> The admission of statements by non-testifying co-defendants violated petitioner's rights under the Sixth [A]mendment.

Doc. 1 at 5 (Ground One). In clarifying and explaining this claim for relief, Gregor stated that his claim was that the OCCA had

> failed to identify the correct standard of review, and relied on Bruton . . . , while the correct standard, as pointed out by petitioner in his brief in support of habeas corpus, is Crawford v. Washington, 541 U.S. 36 . . . (2004).

Doc. 10 at 1 (citation omitted).

Because Gregor in Ground One of his Petition had raised a confrontation clause claim grounded on Crawford that was not raised on direct appeal to the OCCA, Gregor's Petition contained in addition to his exhausted claims, an unexhausted claim. It was therefore a "'mixed' habeas corpus petition[ ]." Pliler v. Ford, 542 U.S. 225, 227 (2004) (citation omitted).

It is well-established "that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus," Picard

2

v. Connor, 404 U.S. 270, 275 (1971)(citations omitted), and when confronted with a "mixed" petition, the Court "may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002)(footnote omitted). The Court may also either grant the petitioner the opportunity to amend his petition to omit the unexhausted claim and proceed only on the exhausted claims, or in "limited circumstances," Rhines v. Weber, 544 U.S. 269, 277 (2005), grant the petitioner the opportunity to request that the habeas proceedings be stayed and held in abeyance until such time as the unexhausted claim is exhausted. E.g., id. at 277-78.

On November 30, 2009, United States Magistrate Judge Valerie K. Couch, to whom the matter had been referred, see Doc. 4, issued a Report and Recommendation and recommended that Gregor's Petition be dismissed without prejudice unless within a designated period of time, Gregor sought to amend his Petition and omit his unexhausted claim for relief or request that the Court stay the matter until such time as he had exhausted his state court remedies as to that claim. See Doc. 11. Although advised of his right to object, Gregor did not object to the Report and Recommendation, but rather he filed a Motion for Stay and Abeyance of Habeas Proceedings. See Doc. 12.

In resolving the matter of Gregor's entitlement to a stay and abeyance of the instant proceedings, to which respondent Eric Franklin, Warden, had objected, the Court found in its discretion and under the unique circumstances of this case that the stay and abeyance procedure should be employed. See Doc. 14. The Court therefore on January 12, 2010, adopted Magistrate Judge Couch's Report and Recommendation and granted Gregor's Motion for Stay and Abeyance of Habeas Proceedings. The matter was stayed

3

and held in abeyance until such time as Gregor had exhausted his state court remedies with regard to his Crawford claim.

By "Letter of Advisement," see Doc. 15, file-stamped October 13, 2010, Gregor informed the Court that he had exhausted his state remedies with regard to his Crawford claim, as evidenced by the Order Affirming Denial of Application of Post-Conviction Relief issued by the OCCA on October 7, 2010. Gregor v. State, No. PC-2010-764 (Okla. Crim. October 7, 2010). See Doc. 15.

The Court re-referred the matter to Magistrate Judge Couch for further proceedings, see Doc. 16, and it now comes before the Court on the Report and Recommendation issued by Magistrate Judge Couch on August 5, 2011, and Gregor's Objection thereto. See Doc. 27.

Upon de novo review of the record, the Court concurs with Magistrate Judge Couch's suggested disposition of this matter. Because all of Gregor's claims for relief, as supplemented, have been addressed by the OCCA and rejected on their merits, this Court plays a "secondary and limited," Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir. 2000), role under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and may only grant habeas relief if the OCCA's adjudication of Gregor's claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

4

To the extent Gregor, on direct appeal, relied solely on Bruton in support of his confrontation clause claim under the sixth amendment, the Court finds that the OCCA's decision that Bruton did not apply to the statements made by Gregor's non-testifying co-defendants because such "statements did not expressly implicate Gregor in the crime," Doc. 1-1 at 2, was neither contrary to, nor unreasonable in light of, the rule set forth in Bruton.

As to Gregor's claims grounded in Crawford,[1] the OCCA found that Gregor's Crawford claim under the sixth amendment that was raised in post-conviction proceedings was procedurally barred because it could "have been asserted during his trial or in his direct appeal," Doc. 15 at 3,[2] and further rejected Gregor's claim that appellate counsel was ineffective for failing to raise a Crawford claim[3] on direct appeal. See id. at 4.

---

[1] After exhaustion of his state court remedies, Gregor's claim in Ground One was expanded and supplemented to read:

> The admission of statements by non-testifying co-defendants . . . violated Petitioner's right to confrontation under Crawford . . . ,

Doc. 18 at 1, and

> appellate counsel rendered ineffective assistance for failing to recognize the correct standard of law and raising the issue under Bruton rather than Crawford.

Doc. 20 at 5.

[2] To overcome the OCCA's finding that Gregor's Crawford claim under the sixth amendment was procedurally barred, Gregor is required to show cause and prejudice. To the extent Gregor has argued that appellate counsel's ineffectiveness was the "cause" for his failure to raise the Crawford claim on direct appeal, the Court's determination of that issue and its resolution of Gregor's claim that appellate counsel was ineffective both depend upon whether the OCCA's application of Strickland v. Washington, 466 U.S. 668 (1984), was reasonable.

[3] In Crawford v. Washington, 541 U.S. 36 (2004), the United States Supreme Court held that the confrontation clause permits the admission of "[t]estimonial statements absent from trial . . . only where the declarant is unavailable and only where the defendant has had a prior opportunity to cross-examine." Id. at 59. While the Supreme Court did not set forth a comprehensive definition

5

As to the latter claim, which is the focus of Gregor's Objection to Magistrate Judge Couch's Report and Recommendation, the Court finds under AEDPA's standard of deferential treatment of state court decisions, that Gregor cannot show that the OCCA's ruling, after application of the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), was unreasonable.[4] See Harrington v. Richter, 131 U.S. 770, 786 (2011)(result of state court's decision must evaluated according to Supreme Court precedents).

The Court finds next that Gregor has failed to demonstrate that the OCCA's decision that "the jury instructions adequately stated the applicable law and included all the elements of attempted grand larceny," Doc. 1-1 at 2 (footnote omitted), is contrary to, or an unreasonable application of clearly established federal law, or that an "'erroneous jury instruction . . . had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense.'" Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir. 1990)(quotation and citations omitted).[5]

---

of "testimonial," e.g., id. at 68 (footnote omitted), it did identify statements that were clearly testimonial: "police interrogations." Id.

The statements about which Gregor has complained were made by co-defendant Leonard Carmen Rackley while he was being interrogated by Steve Moss, a deputy employed by the Sheriff of Custer County, Oklahoma. These statements were clearly testimonial under Crawford. Gregor had no opportunity to cross-examine Rackley; thus, admission of Rackley's statements through Moss violated the confrontation clause. However, that issue is not before the Court. Rather, as the Court has stated, see fn.2 supra, the issue is whether the OCCA's adjudication of Gregor's claim of ineffective assistance of appellate counsel was reasonable.

[4]Gregor's claim that trial counsel was also ineffective because he did not challenge the admission of the non-testifying co-defendants' statements is governed by the same standard and, for the same reason, fails.

[5]To the extent Gregor has argued that trial counsel was ineffective for failing to challenge the jury instructions, such claim is without merit since the Court has determined that no error occurred in connection with the jury instructions.

6

The Court further finds that the OCCA's ruling

> that, taking the evidence in the light most favorable to the State, any rational trier of fact could find beyond a reasonable doubt that Gregor intended to commit grand larceny and performed an overt act toward commission of . . . that crime,

Doc. 1-1 at 2 (footnote omitted), is neither contrary to, nor an unreasonable application of clearly-established law as articulated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307 (1979).[6]

Finally, the Court has considered whether, as Gregor has contended, cumulative error deprived him of a fundamentally fair trial. The OCCA denied this claim on direct appeal. See Doc. 1-1 at 5.

Having found no errors in connection with Gregor's other claims for relief, the Court finds this claim is without merit. See Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (cumulative error analysis considers only actual errors and evaluates cumulative effect of matters determined to be error, not cumulative effect of non-errors).

Based upon the foregoing, the Court finds that Gregor has advanced no grounds that warrant federal habeas relief and, therefore, the Court

(1) ADOPTS Magistrate Judge Couch's well-reasoned and thorough Report and Recommendation [Doc. 26] issued on August 5, 2011;

(2) DENIES Gregor's Petition [Doc. 1] file-stamped April 30, 2009, as expanded and supplemented; and

---

[6] In Jackson v. Virginia, 443 U.S. 307 (1979), the United States Supreme Court held that the question that must be answered "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (citation omitted)(emphasis in original).

7

(3) ORDERS that judgment in favor of respondent Franklin issue forthwith.

ENTERED this 8th day of September, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE